O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES NAPLES,<br><br>           Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>         Defendant. | Case No. SA CV 15-00783-DFM<br><br>MEMORANDUM ORDER AND<br>OPINION |

Plaintiff Charles Naples ("Naples") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his application for supplemental security income ("SSI") benefits. Because the ALJ offered clear and convincing reasons for giving little weight to the opinion of Naples's treating physician, the ALJ's decision is affirmed.

## I.

## BACKGROUND

Naples applied for SSI benefits on December 6, 2013. AR 148-56. The Commissioner denied Naples's claim initially and upon reconsideration. AR 86-89, 95-99. Naples requested and attended a hearing, with his attorney, on November 5, 2014. AR 101, 34-61.

The ALJ concluded that Naples had not been under a disability since his alleged onset date of November 30, 2013. AR 20. The ALJ found that Naples had the following severe impairments: seizure disorder; hypertension; asthma; hepatitis C; degenerative joint disease of the right knee with small effusion; low back pain; depression; anxiety; and substance use (marijuana). AR 22. The ALJ concluded that these impairments did not meet or medically equal the severity of any listed impairment. AR 22-23.

Turning to Naples's residual functional capacity ("RFC"), the ALJ found that Naples could: occasionally lift or carry 50 pounds; frequently lift or carry 25 pounds; stand or walk for 6 hours in an 8-hour day; sit for 6 hours in an 8-hour day; occasionally climb stairs; never climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch, and crawl; avoid concentrated exposure to dust, fumes, gases, and other pulmonary irritants; avoid unprotected heights, moving and dangerous machinery, and open bodies of water; perform simple routing tasks of reasoning level 2 or less; and have no intense interpersonal contact with the public, coworkers, or supervisors. AR 24. In making this finding, the ALJ noted that the record did not fully support Naples's allegations, and found him less than credible. AR 24-27. The ALJ concluded that Naples could not perform his past work, but—based on the testimony of a vocational expert—Naples could work as a hand packager, industrial cleaner, or laundry laborer, all of which existed in significant numbers in the national economy. AR 28-29.

## II.

## ISSUES PRESENTED

The parties present one issue: did the ALJ properly consider the opinion of Naples's treating physician? Joint Stipulation ("JS") at 4.

///

///

2

III.

DISCUSSION

**A.    Governing Law**

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20 C.F.R. §§ 404.1527(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)); Lester, 81 F.3d at 830-31 (quoting Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983)). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830 (quoting Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991)). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

**B.    The ALJ's Opinion**

In making her RFC finding, the ALJ summarized Naples's medical records from April 2013 until August 2014. AR 24-26. With respect to Naples's mental impairments (which are at issue here), the ALJ noted in September 2013, when Naples presented with low back pain, he was "alert and oriented times four." AR 25, 309. In November 2013, Naples was brought in

3

an ambulance to the medical center. AR 25, 277. Naples stated that he had become emotional about his girlfriend being in rehab, and had exhibited palpitations, shakiness, and difficulty breathing. Id. He denied suicidal or homicidal ideation, was prescribed Lorazepam, and his symptoms resolved that day. AR 25, 274, 277. In February 2014, after Naples suffered a seizure, his mental status was deemed stable. AR 25, 481. In August 2014, after he presented with possible seizure, he was determined to be "alert and oriented times three." AR 26, 518.

After summarizing Naples's medical records and making an adverse credibility finding against Naples, the ALJ wrote:

> Robert Hampton, M.D., the claimant's psychiatrist, concluded that the claimant is unable to work on a sustained basis . . . He would have no useful ability to function in order to complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods . . . The undersigned accords little weight to this opinion because it is not consistent with the record as a whole. Moreover, the opinion expressed is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion.

AR 27.

## C.   Analysis

Naples argues that the ALJ failed to articulate a legally sufficient rationale for rejecting Dr. Hampton's opinion. JS at 5.

The ALJ did not take into account any physician opinion contradicting Dr. Hampton's opinion, in that all of the other doctors listed in her opinion appear to have opined on Naples's physical impairments. Therefore, the ALJ was required to articulate clear and convincing reasons for giving little weight

1    to Dr. Hampton's opinion. See Lester, 81 F.3d at 830.

2       Here, the ALJ gave two explicit reasons for rejecting Dr. Hampton's

3 opinion: the opinion was not consistent with the record as a whole (as the ALJ

4 had summarized it) and the opinion was conclusory, offering little explanation

5 of evidence relied upon. In addition, the ALJ found that Naples was not

6 credible—a finding Naples does not contest. This is a third reason for rejecting

7 Dr. Hampton's opinion, which was primarily based on Naples's subjective

8 complaints. The Ninth Circuit has determined that the opinion of a treating

9 physician may be rejected for each of these reasons. See Tommasetti v. Astrue,

10 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ may reject an

11 opinion to a large extent predicated upon "a claimant's self-reports that have

12 been properly discounted as not credible"); Young v. Heckler, 803 F.2d 963,

13 968 (9th Cir. 1986) (noting that a physician's opinion may be rejected "if brief

14 and conclusory in form with little in the way of clinical findings to support [its]

15 conclusion").

16       Each of the ALJ's reasons for rejecting Dr. Hampton's opinion was clear

17 and convincing. First, the record as a whole was inconsistent with Dr.

18 Hampton's diagnosis. Nothing in the record gives any indication that Naples

19 was unable to work on a sustained basis due to a mental impairment, as Dr.

20 Hampton claims. The only medical evidence available suggests that whenever

21 Naples visited a hospital or doctor (which was not often), it was for physical

22 rather than mental ailments. The one exception to this was in November 2013,

23 when Naples became emotional about a girlfriend; his symptoms resolved that

24 same day and he was discharged. AR 276-77. Nothing in the record supports

25 Dr. Hampton's conclusion a few months later that Naples was unable to work

26 for any sustained basis due to mental impairments.

27       Second, the ALJ correctly noted that Dr. Hampton's opinion was almost

28 entirely conclusory. Dr. Hampton's first report, dated April 9, 2014, attaches

no relevant treatment notes or test results, despite the invitation to do so and despite Dr. Hampton's claim that he first met with Naples in 2012. See AR 464-69. Dr. Hampton stated that Naples would be unable to work for at least the next 12 months because Naples would be absent from work more than 4 days a month, but gave no reasons or evidence for these conclusions. AR 463, 468. Dr. Hampton checked "unable to meet competitive standards" or "no useful ability to function" for most categories of "mental abilities and attitudes needed to do unskilled work" but again, gave no reasons or evidence for his conclusions. AR 466.

Dr. Hampton's second report dated August 13, 2014 is slightly more detailed in that he writes that Naples becomes "agitated, tearful, irritable, has racing thoughts . . . talkative, flight of [illegible] two or three times a year," and "becomes irritable, agitated, tearful when talking about unmet needs." AR 510, 512. But again, Dr. Hampton gave no basis for concluding that Naples was "unable to meet competitive standards" or had "no useful ability to function" in most of the mental abilities categories.[1] AR 511. An ALJ need not accept a treating physician's opinion that is "brief and conclusory in form with little in the way of clinical findings to support [its] conclusion." Young, 803 F.2d at 968. Dr. Hampton's 2014 opinions fit into this category.

Last, the ALJ found that Naples's subjective complaints were not fully credible. AR 26-27. Naples does not contest this finding, and substantial evidence supports it. As required, the ALJ gave a narrative discussion with

---

[1] A comparison between the two reports shows significant variation. In April 2014, Dr. Hampton checked the boxes for "limited but satisfactory" in only 1 category, "seriously limited, but not precluded" in only 1 category, "unable to meet competitive standards" in 9 categories, and "no useful ability to function" in 5 categories. AR 466. In August 2014, Dr. Hampton checked, respectively, 0 boxes, 4 boxes, 6 boxes, and 5 boxes—mostly in different categories than the April report. AR 511.

specific reasons for the finding supported by the evidence in the case record. See AR 24-27; Robbins v. Soc. Sec. Admin., 466 F.3d 880, 884 (9th Cir. 2006). Among other things, the ALJ noted that while Naples testified he was unable to work due in part to depression and anxiety, the medical records from 2013 and 2014 did not reflect the type of treatment one would expect from a totally disabled individual, including significant gaps in treatment and relatively infrequent trips to the doctor. AR 26. Given that Dr. Hampton appeared to base his findings almost entirely on Naples's subjective claims, the ALJ properly gave the opinion little weight. See Tommasetti, 533 F.3d at 1041.

## IV.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.


Dated:  March 30, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

7